No. 12838

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

          Plaintiff and Appellant,

   -vs-

RAYMOND LEE BRACKNEY,

          Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith, Emmons & Baillie, Great Falls, Montana
        James R. Walsh argued, Great Falls, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Thomas A. Budewitz, Assistant Attorney General,
         argued, Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls, Montana

---

                    Submitted:  May 8, 1975

                    Decided: MAY 20 1975

Filed:  MAY 20 1975

*Thomas J. Kearney*
                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by defendant from an order denying a writ of habeas corpus. Defendant was arrested in Great Falls, Montana, at the airport, where he arrived upon being deported from Canada. He was arrested on a fugitive warrant from the state of California. The state of California sent an extradition request to the Governor of Montana, who, on April 9, 1974, signed a rendition warrant for the return of defendant to California by an agent of the state of California.

Defendant was convicted in the Superior Court of Tulare County, California, of the crime of second degree burglary, with three prior convictions. On December 22, 1966, he was committed to the state prison. On March 24, 1967, his sentence was amended to 8 years. On May 25, 1970, he was released on parole. On September 9, 1973, his parole was suspended, and he was ordered returned to prison.

Following defendant's arrest in Great Falls, and the receipt of the extradition request, defendant petitioned the district court of Cascade County for a writ of habeas corpus. A hearing was had before the Honorable Paul G. Hatfield on June 17, 1974. Judge Hatfield denied the writ and this appeal was taken.

Appellant sets forth three issues for review which, in our view, can be stated -- whether the Montana Governor's warrant was valid?

In a highly technical argument in his brief, appellant would have us scan the California request for extradition to see that each "i" was dotted and "t" crossed. At the hearing before Judge Hatfield the identity of appellant was established by photograph and fingerprints. The application for requisition, approved as to form by the attorney general of Montana, included photostatic copies of legal commitment data; fixing of term; granting of parole;

suspension of parole; complaint; information; report, recommendation of probation officer and judgment; action of the California Adult Authority fixing the term and granting parole; action of the Adult Authority suspending parole; photograph and photocopy of fingerprint card; sentence data; and, finally, a photocopy of conditions of parole signed by appellant.

Included in the signed condition of parole is a waiver of extradition. Appellant having been identified, the genuineness of the extradition request having been shown, the Governor of Montana's warrant having been issued, there was nothing left for decision and the district court was correct in denying the application for writ of habeas corpus.

Appellant makes much of what he considers absolute requisites under section 94-501-3, R.C.M. 1947. In State v. Booth, 134 Mont. 235, 243, 244, 328 P.2d 1104, these requisites were set forth. The papers here substantially comply.

In Petition of Dixson, 149 Mont. 412, 439 P.2d 642, this Court found that a waiver of extradition binds a parolee. We recognize that appellant insists that the waiver of extradition was not argued in the district court. The district court examined the papers. It did not give any reason for denying the petition for writ of habeas corpus, but it is so patently apparent on the face of the application and supporting documents that no reason needed to be given. This Court said in Booth:

> "It has been thoroughly established that the warrant of arrest is prima facie evidence that the relator in habeas corpus proceedings is properly charged with a crime, and the burden of proof is upon him to overcome that presumption."

The same rule as to burden of proof applies when the demanding state has shown revocation or suspension of a parole with a fugitive warrant outstanding.

Having reviewed the entire file, we affirm the order of the district court. Remittitur is ordered to be issued forthwith

and the appellant taken into custody for delivery to California
authorities.

_Wesley Castles_
Justice

We Concur:

_____
Chief Justice

_Frank I. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Justices.

- 4 -